1454-16210-1502874

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BOBBY COUVILLON,**<br>**TARA INGRAHAM,** | * | CIVIL ACTION |
| | * | NO. 2:26-cv-02038 |
| VERSUS | * | |
| | * | JUDGE: EEF |
| **RANDY SMITH, GREGORY SAURAGE**<br>**TROY SIDER, Interim Sheriff BRET IBERT** | * | |
| | * | MAGISTRATE: JVM |
| * * * * * * * | * | |

**MEMORANDUM IN SUPPORT OF EX PARTE**
**MOTION FOR LEAVE TO FILE CLAIM FOR INTERVENTION**

**MAY IT PLEASE THE COURT:**

This matter is presently before the Court on a Motion for Leave to File an Intervention on behalf of defendant, Allied Trust Insurance Company (hereinafter sometimes referred to as "Allied Trust"). Allied Trust submits this Memorandum in Support of its Ex Parte Motion for Leave to File Intervention.

Rule 24 of the Federal Rules of Civil Procedure allows the court to permit an intervention into a matter when the party has an interest relating to the property or transaction that is the subject of the action. The rule states that the court must allow the intervention if the party requesting intervention is "so situated that disposing of the action as a practical matter impairs or impedes the movant's ability to protect its interest, unless existing parties adequately represent that interest." See Fed. R. 24 (a) (1). Allied Trust is asserting a coverage defense in its Claim for Intervention. This claim must be adjudicated as part of or in connection with the above-entitled case. The facts and questions of law are common to the action filed by plaintiffs and Allied Trust's interests would

not be adequately represented by any of the parties to the action. In fact, its insured, Tony Sider would most likely oppose the coverage issues being raised in the intervention. Allied Trust has been called upon to defend and indemnify Troy Sider, a defendant in the main action. Allied asserts in its intervention that there are exclusions that apply to the facts of the case and, therefore, do not require the company to defend and indemnify the insured. The allegations made in the original complaint are that defendant, Troy Sider, stepped or stomped on plaintiff, Bobby Couvillion, while he was on the floor, leaving boot marks on his arm and causing him injuries. As alleged in the Intervention, there are exclusions which apply to this type of behavior of its insured and, therefore, there is no coverage. As such, defendant respectfully moves this court for leave to file an Intervention.

In the alternative, Allied requests that the court permit the intervention of Allied Trust under Fed. R. 24 (b). The complaint was filed only last month on September 11, 2026, and no other parties have yet filed responsive pleadings. There is no scheduling order, and the case will not be unduly delayed by the intervention of Allied Trust into the case, nor will the intervention prejudice the adjudication of the original parties' rights.

**WHEREFORE**, Allied Trust Insurance Company respectfully submits that Allied has a right to be a part of the above-entitled action, as its rights are not adequately represented by other parties and the facts of its issues regarding coverage for Troy Sider are common to the main complaint. Accordingly, Defendant, Allied Trust Insurance Company, respectfully moves the Court for leave to file its Intervention.

**[Signature Block on Next Page]**

Respectfully submitted,

*/s/ Donald R. Klotz, Jr.*
ALAN J. YACOUBIAN.(#17213)
DONALD R. KLOTZ, JR. (#20253)
JOHNSON, YACOUBIAN & PAYSSE
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7708
Telephone: (504) 528-3001
Facsimile: (504) 528-3030
Email: dklotz@jyplawfirm.com
*Attorneys for defendant,*
*Allied Trust Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of October 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, if any, by e-mail, fax and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

*/s/Donald R. Klotz, Jr.*