1454-16210-1502925

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BOBBY COUVILLON,** | * | CIVIL ACTION |
| **TARA INGRAHAM,** | * | |
| | * | NO. 2:26-cv-02038 |
| VERSUS | * | |
| | * | JUDGE: EEF |
| **RANDY SMITH, GREGORY SAURAGE** | * | |
| **TROY SIDER, Interim Sheriff BRET IBERT** | * | |
| | * | MAGISTRATE: JVM |
| * * * * * * * | * | |

**ALLIED TRUST INSURANCE COMPANY'S CLAIM FOR INTERVENTION**

**NOW INTO COURT,** through undersigned counsel, comes Allied Trust Insurance Company ("Allied Trust"), who respectfully represents, as follows:

I.

Troy Sider was issued a policy of homeowners insurance by Allied Trust bearing policy number 1027802, with a coverage period of June 14, 2025, to June 14, 2026, providing coverage for his insured premises located at 100 Zinnia Drive, Covington, LA 70433-9121. As part of that policy, there is allegedly coverage under Coverage E - Personal Liability, with limits of $300,000.00. (A certified true copy of the entire policy is attached hereto as Exhibit "A")

II.

On September 11, 2026, defendants-in-intervention, Bobby Couvillion and Tara Ingraham filed a Complaint in the United States District Court, Eastern District of Louisiana, against, among others, Troy Sider, the named insured on Allied Trust policy number 1027802," bearing civil action no. 2:26-cv-2038, in connection with personal injuries allegedly sustained by Bobby Couvillion on or about May 29, 2026. More particularly, it is alleged that an altercation occurred on or about May 29, 2026, at Keith Young's Steakhouse, in Madisonville, Louisiana. The

Complaint further alleges that, during an altercation involving another defendant, Randy Smith, and the plaintiff, Bobby Couvillion, Troy Sider followed Randy Smith and Troy Sider used his body in an attempt to prevent bystanders from intervening in the altercation. The Complaint also alleges that Troy Sider, the named insured for Allied Trust policy 1027802, stepped or stomped on Bobby Couvillion, while he was on the floor, leaving boot marks on his arm.

III.

Allied Trust asserts as a defense to the claims of both Couvillion and Sider, its insured, that the policy provides no coverage for the losses referred to in the *Couvillon* lawsuit for the reasons set forth below.

IV.

The Allied Trust policy listed above contains an exclusion regarding "Expected OR Intended Injury" (See Exhibit "A," Section II – Exclusions, amended by Special Provisions – Louisiana, Form Allied HO3 SP LA 24.08, page 10-11 of 14, states in pertinent part:

**SECTION II – EXCLUSIONS**

**…**

**Coverage E – Personal Liability And Coverage F – Medical Payments To Others**
Coverages **E** and **F** do not apply to the following:
**1. Expected Or Intended Injury**
"Bodily injury" or "property damage" which is expected or intended by an "insured", even if the resulting "bodily injury" or "property damage":
**a.** Is of a different kind, quality or degree than initially expected or intended; or
**b.** Is sustained by a different person, entity or property than initially expected or intended.
However, this Exclusion **E.1.** does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by an "insured" to protect persons or property;
…

*as amended by* **SPECIAL PROVISIONS – LOUISIANA, ALLIED HO3 SP LA 24.08,** which reads in part as follows:
**DEFINITIONS**

…

Definition **B.8**. is deleted and replaced by the following:

**8.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the term of this policy or any renewal thereafter, in:

**a.** "Bodily injury"; or

**b.** "Property damage".

…

Paragraph **15. Criminal or Illegal Activity**

"Bodily Injury" or "property damage" caused by or originating from or in connection with any criminal or illegal activity. This exclusion applies whether or not any "insured" is convicted of a crime.

**SECTION II – EXCLUSIONS**

**E. Coverage E – Personal Liability and Coverage F – Medical Payments to Others**

Paragraph **1. Expected Or Intended Injury** is deleted in its entirety and replaced by the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" with respect to loss:

…

**b.** Caused by a peril other than fire and with respect to all "insureds" covered under this Policy, which is expected or intended by one or more "insureds", even if the "bodily injury" or "property damage":

**(1)** Is of a different kind, quality or degree than initially expected or reasonably intended; or

**(2)** Is sustained by a different person, entity or property than initially expected or reasonably intended.

**(3)** The "insured" person lacks the mental capacity to govern his or her conduct.

However, this Exclusion **E.1.b.** does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by one or more "insureds" to protect persons or property.

…

The following exclusions are added:

…

**15. Criminal or Illegal Activity**

"Bodily Injury" or "Property Damage caused by or originating from or in connection with any criminal or illegal activity. This exclusion applies whether or not any "insured" is convicted of a crime.

…

**F. Coverage E – Personal Liability**

…

The following paragraph is added to **E**.

All "bodily injury" and "property damage" resulting from any one accident or from continuous or repeated exposure to substantially the same general harmful conditions during the term of this policy or any renewal thereof, shall be considered to be the result of one "occurrence" regardless of:

**1.** It's nature or circumstance;
**2.** Whether an "occurrence" takes place on an "insured location" or any other location;
**3.** Number of "insureds";
**4.** Number of persons injured; or
**5.** Number of claims made.

V.

Based upon the above-referenced provisions and the allegations, as made in the original complaint, the policy issued by Allied Trust to Troy Sider does not provide coverage for any of the claims asserted by Bobby Couvillion, filed in the United States District Court, Eastern District of Louisiana against Troy Sider.

VI.

On October 1, 2026, Troy Sider reported the claim to Allied Trust and requested Allied Trust defend and indemnify him for the allegations being made by Bobby Couvillion in his complaint. On October 14, 2026, Allied Trust sent Troy Sider a Full Reservation of Rights letter informing him that a defense attorney had been appointed under the reservation of rights and that there were questions as to whether coverage applied under the policy. See Exhibit "B," Reservation of Rights letter dated October 14, 2026)

VII.

As an interested party in the outcome of the claim and the alleged need to defend and indemnify Troy Sider under its policy of insurance, Allied Trust has an interest in the claims being made by the various parties and a right to have its coverage issues decided, as part of the contested issues in the case.

**WHEREFORE**, the premises considered, Intervenor, Allied Trust Insurance Company, prays that it be allowed to intervene in this action; that it be allowed to serve a copy of the Petition of Intervention on the Plaintiffs Bobby Couvillion and Tara Ingrham, as well as on the defendant, Troy Siders, against whom Intervenor has cause of action as a third-party regarding a declaration that the policy of insurance provides no coverage for the alleged actions of its insured, and that after due proceedings are had, there be a judgment in favor of Intervenor and against all adverse parties for a declaration that there is no coverage for the alleged actions of its insured according to the terms and conditions of Allied Trust policy number 1027802, the dismissal of Allied Trust Insurance Company, and that Intervenor be granted such other and further relief as justice of the cause may require and permit.

Respectfully submitted:

*<u>/s/ Donald R. Klotz, Jr.</u>*

ALAN J. YACOUBIAN (#17213)
DONALD R. KLOTZ, JR. (#20253)
JOHNSON, YACOUBIAN & PAYSSE
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7708
Telephone: (504) 528-3001
Facsimile: (504) 528-3030
Email: dklotz@jyplawfirm.com
Attorneys for Defendant,
*Allied Trust Insurance Company*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 28th day of October, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, if any, by e-mail, fax and/or mailing the same by United States mail, properly addressed and first-class postage prepaid.

*<u>/s/ Donald R. Klotz, Jr.</u>*